UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
RODOLFO LOVATO and
LISA LOVATO,
    Debtors.                                                                No. 7-07-10287 SA

ALBERT SANCHEZ,
    Plaintiff,
v.                                                                      Adv. No. 07-1072 S
RODOLFO LOVATO and
LISA LOVATO,
    Defendants.

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION
## FOR SUMMARY JUDGMENT AGAINST RODOLFO LOVATO ONLY

    This matter is before the Court on Plaintiff's Motion for Summary Judgment against Rodolfo Lovato Only (doc 7)("Motion"), Defendant Rodolfo Lovato's Response (doc 8) and Plaintiff's Reply (doc 9). Plaintiff appears through his attorney Velarde & Pierce (Chris W. Pierce). Defendant appears through his attorney Schimmel Law Office (Jason Neal). This is a core proceeding. 28 U.S.C. § 157(b)(2)(I). For the reasons set forth below, the Court finds that the Motion is not well taken and should be denied.

    Plaintiff's Motion is based on the collateral estoppel effect of a judgment entered against Defendant in an action in the Second Judicial District, Bernalillo County, New Mexico ("Judgment"). One fact from the pleadings suggests the outcome of this Motion: the first paragraph of the Judgment states that Defendant did not appear at the trial.

Federal courts must give the same preclusive effect to a New Mexico state court judgment as would a New Mexico state court. Fowler Brothers v. Young (In re Young), 91 F.3d 1367, 1374 (10th Cir. 1996). See also Corzin v. Fordu (In re Fordu), 201 F.3d 693, 703 (6th Cir. 1999):

> When a federal court is asked to give preclusive effect to a state court judgment, the federal court must apply the law of the state in which the prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action. (Citations omitted.)

Therefore, this Court should look at the preclusive effect that the New Mexico state court would give to the Judgment.

Under New Mexico law, the party seeking to establish collateral estoppel must establish four elements: 1) same parties or privity, 2) subject matter of the two suits are different, 3) the ultimate facts or issues were actually litigated, and 4) the issue was necessarily determined. Reeves v. Wimberly, 107 N.M. 231, 233, 755 P.2d 75, 77 (Ct. App. 1988). Then, once those four elements are established, "the trial court must then determine whether the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior litigation." Shovelin v. Central New Mexico Electric Coop, Inc., 115 N.M. 293, 297, 850 P.2d 996, 1000 (1993)(citing Silva v. State, 106 N.M. 472, 474, 745 P.2d 380, 382 (1987)). Furthermore, the trial court may refuse to apply the doctrine if it would be inequitable or fundamentally unfair. In re Duran,

Case 07-01072-s    Doc 10    Filed 11/29/07    Entered 11/29/07 16:37:54 Page 2 of 5

141 N.M. 793, 799, 161 P.3d 290, 296 (2007); Reeves, 107 N.M. at 235, 755 P.2d at 78.

Under New Mexico law, default judgments have no preclusive effect. Blea v. Sandoval, 107 N.M. 554, 558, 761 P.2d 432, 436 (Ct. App.), cert. denied, 107 N.M. 413, 759 P.2d 200 (1988) ("In New Mexico, we recognize that default judgments do not have collateral estoppel effect in future litigation, although they may have res judicata effect.") The Judgment was entered after a trial at which Defendant did not appear. By definition, this is a default judgment. See Black's Law Dictionary 428 (7th ed. 1999)(Defining "default judgment" as "A judgment entered against a defendant who has failed to plead or otherwise defend against the plaintiff's claim, often by failing to appear at trial.") Therefore, it has no preclusive effect.

Plaintiffs argue that the Judgment should not be treated as a default judgment because so many resources were expended to get to trial and Defendant had ample opportunity to litigate. Unfortunately for Plaintiffs, "opportunity" to litigate is not sufficient under New Mexico law to satisfy the "actual" litigation element. Compare Grynberg v. Arkansas Oklahoma Gas Corp., 116 P.3d 1260, 1263 (Colo. App.), cert. denied, 2005 WL 1864128 (Colo. 2005):

> The following factors must be satisfied to apply the doctrine: (1) the issue precluded is identical to an issue actually determined in the prior proceeding; (2) the party against whom estoppel is asserted was a party

Case 07-01072-s    Doc 10    Filed 11/29/07    Entered 11/29/07 16:37:54 Page 3 of 5

> in the prior proceeding;  (3) there is a final judgment
> on the merits in the prior proceeding;  and (4) the
> party against whom estoppel is asserted had a full and
> fair <u>opportunity</u> to litigate the issue in the prior
> proceeding.

(Emphasis added; applying Colorado law; citation omitted.) <u>with</u> <u>Shovelin</u>, 115 N.M. at 297, 850 P.2d at 1000 (New Mexico requires "actual" litigation.)  <u>See also</u> Restatement (Second) of Judgments § 27 cmt. e. (1982)("In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated.")  Nor does the fact that Defendant participated in the state court proceedings benefit Plaintiffs.  New Mexico does not distinguish between pre-answer and post-answer defaults.  <u>Compare</u> <u>Gober v. Terra + Corp. (In re Gober)</u>, 100 F.3d 1195, 1204 (5th Cir. 1996) (applying Texas law, issues in a post-answer default judgment are "actually litigated" for purposes of collateral estoppel; state court judgment rendered as a sanction for discovery abuse collaterally estopped subsequent litigation in bankruptcy court.)

Finally, even if the Judgment were not a default judgment, the Court would find that it would be fundamentally unfair to apply collateral estoppel in this case.  Defendant failed to receive notice of the trial of the state court case.  Whether Defendant bears any culpability for that failure is not the issue.  Defendant should have the opportunity to defend himself in this case.  <u>See</u> Restatement (2nd) of Judgments § 28 (1982):

Case 07-01072-s    Doc 10    Filed 11/29/07    Entered 11/29/07 16:37:54 Page 4 of 5

> Although an issue is actually litigated and determined
> by a valid and final judgment, and the determination is
> essential to the judgment, relitigation of the issue in
> a subsequent action between the parties is not
> precluded in the following circumstances:
> ...
> (5) There is a clear and convincing need for a new
> determination of the issue because the party sought to
> be precluded, as a result of the conduct of his
> adversary or other special circumstances, did not have
> an adequate opportunity or incentive to obtain a full
> and fair adjudication in the initial action.

The Court finds that the non-receipt of notice of the trial is a special circumstance.

For the reasons set forth above, the Court will enter an Order Denying Plaintiff's Motion for Summary Judgment.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

copies to:

Chris W Pierce
Velarde & Pierce
2531 Wyoming Blvd. NE
Albuquerque, NM 87112

Jason Neal
320 Gold Avenue SW, Suite 900
Post Office Box 8
Albuquerque, NM 87103-0008